

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00795-CR

Ozraya **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR3624
Honorable Velia J. Meza, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: September 27, 2023

DISMISSED FOR WANT OF JURISDICTION

In trial court cause number 2023CR3624, Appellant pled nolo contendere to the charge of felon in possession of a firearm, and he waived his right to appeal. On June 16, 2023, in accordance with the plea agreement, the trial court sentenced Appellant to confinement in the Texas Department of Criminal Justice—Institutional Division for two years. The trial court suspended the sentence of confinement and placed Appellant on community supervision for four years.

The clerk's record does not show that Appellant filed a motion for new trial or any other post-judgment motion that would extend the appellate timetable. *See* Tex. R. App. P. 22.5,

26.2(a)(2).  Thus, Appellant's notice of appeal was due on July 17, 2023.  *See id.* R. 26.2(a)(1).  A notice of appeal accompanied by a motion for extension of time to file a notice of appeal was due by August 1, 2023.  *See id.* R. 26.3.

The clerk's record shows Appellant's notice of appeal was prepared on August 12, 2023, mailed from the Bexar County Adult Detention Center on August 14, 2023, and received by the Bexar County District Clerk on August 16, 2023.  No motion for extension of time to file the notice of appeal was filed.  *See id.* R. 26.3.

A timely notice of appeal is necessary to invoke this court's jurisdiction.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Absent a timely motion for new trial, a defendant's notice of appeal is timely filed if it is filed within thirty days after (1) the day sentence is imposed or suspended in open court, or (2) the day the trial court enters an appealable order.  *See* TEX. R. APP. P. 26.2; *Olivo*, 918 S.W.2d at 522.

Appellant's notice of appeal was late.

A late notice of appeal may be considered timely and invoke this court's jurisdiction if it meets the following requirements:

(1)     it is filed within fifteen days of the last day allowed for filing,

(2)     a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and

(3)     the court of appeals grants the motion for extension of time.

*Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

On August 28, 2023, we ordered Appellant to show cause in writing by September 18, 2023, why this appeal should not be dismissed for want of jurisdiction.  *See Olivo*, 918 S.W.2d at 522; *Ater*, 802 S.W.2d at 243.

On the due date, court-appointed appellate counsel advised this court that he had not yet received the reporter's record which he needed to help him prepare a brief on Appellant's behalf.

Counsel's response does not show how Appellant's notice of appeal was timely or otherwise demonstrate how this court's jurisdiction has been invoked.  *See Olivo*, 918 S.W.2d at 522.  Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

Do not publish